**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 20, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DAVID A. WILLIAMS,

      Petitioner-Appellant,

v.

STATE OF KANSAS,
ATTORNEY GENERAL OF THE
STATE OF KANSAS,

      Respondents-Appellees.

No. 06-3415
(D.C. No. 01-CV-3203-SAC)
(D. Kan.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **HENRY**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

---

Petitioner-Appellant David A. Williams, a Kansas state prisoner appearing

*pro se*, seeks a certificate of appealability ("COA") in order to challenge the

district court's dismissal of his *habeas* petition as time-barred. *See* 28 U.S.C.

§ 2253 (c)(1) (requiring COA before prisoner may appeal the dismissal of a

*habeas* petition). We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a).

---

[*] This Order and Judgment is not binding precedent, except under the
doctrines of law of the case, *res judicata*, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1. After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Reviewing Mr. Williams's filings liberally,[1] we hold that no reasonable jurist could conclude that the district court's dismissal on procedural grounds was incorrect.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Accordingly, we **DENY** Mr. Williams's application for a COA and **DISMISS** his appeal.

## I. BACKGROUND

On May 23, 1994, Mr. Williams pled *nolo contendere* to one count of premeditated murder, three counts of rape, three counts of criminal sodomy, four counts of aggravated kidnapping, seven counts of kidnapping, one count of burglary, and one count of criminal possession of a firearm.  Mr. Williams was sentenced to life imprisonment without the possibility of parole for forty years. On direct appeal, the Kansas Supreme Court affirmed Mr. Williams's conviction and sentence.  *State v. Williams*, 913 P.2d 587, 588-89 (Kan. 1996).  The United States Supreme Court denied *certiorari* on October 7, 1996.  *Williams v. Kansas*, 519 U.S. 829 (1996).

On July 16, 1999, Mr. Williams filed for state post-conviction relief under Kan. Stat. Ann. § 60-1507.  The district court denied relief and that decision was affirmed by the Kansas Court of Appeals.  *Williams v. State*, No. 84, 644 (Kan. Ct. App. Mar. 2, 2001) (unpublished opinion).  On May 2, 2001, the Kansas Supreme Court denied review.

---

[1]    Because Mr. Williams is proceeding *pro se*, we review his pleadings and filings liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Howard v. United States Bureau of Prisons*, 487 F.3d 808, 815 (10th Cir. 2007).

On May 21, 2001, Mr. Williams filed a petition for a *writ of habeas corpus* under 28 U.S.C. § 2254 alleging that (1) he was denied effective assistance of counsel; (2) the trial court lacked jurisdiction to impose the sentence; and (3) his plea was not knowing and voluntary. After the magistrate judge recommended that the petition be dismissed as barred by the statute of limitations, Mr. Williams objected, claiming that his motion for state post-conviction relief tolled the statute-of-limitations period. On January 22, 2002, the district court denied Mr. Williams's petition.

Four years later, Mr. Williams filed a motion for review, which was denied. The district court denied Mr. Williams a COA but granted him leave to proceed *in forma pauperis*.

## II. DISCUSSION

Mr. Williams's petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under the AEDPA, issuance of a COA is a jurisdictional prerequisite to appealing the dismissal of a *habeas* petition. 28 U.S.C. § 2253(c)(1); *Miller-El v.Cockrell*, 537 U.S. 322, 335-36 (2003). In order to obtain a COA, Mr. Williams must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has clarified that where, as here, the district court denies a *habeas* petition on procedural grounds without reaching the merits of the underlying constitutional claims, a petitioner must show that reasonable jurists would find debatable **both** (1)

whether the petition states a valid claim of the denial of a constitutional right, *and* (2) whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484. The Supreme Court also has instructed courts to resolve the procedural issue first. *Id*. at 485 (citing *Ashwander v. TVA*, 297 U.S. 288, 347 (1936)).

The procedural bar in this case is the AEDPA's one-year statute of limitations which begins on the latest of (1) the date the judgment becomes final, (2) the date on which an impediment created by the state in violation of the Constitution is removed, or (3) the date on which the factual predicate of the claims presented could have been discovered through due diligence. *See* 28 U.S.C. § 2244(d)(1)(A)-(B), (D). Mr. Williams's conviction became final on October 7, 1996, when the Supreme Court denied *certiorari*. Thus, Mr. Williams had until October 7, 1997, to collaterally challenge his conviction and sentence. However, Mr. Williams did not file his § 2254 *habeas* petition until May 21, 2006 –– well after the one-year limitations period had expired.

Mr. Williams is not eligible for statutory tolling with respect to the period during which his state post-conviction claims were pending. Although "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation," 28 U.S.C. § 2244(d)(2), Mr. Williams did not seek post-conviction relief until July 16, 1999 – almost two

years after the end of the limitations period.  A collateral petition filed in state court after the limitations period has expired does not serve to toll the statute of limitations.  *Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001).

Consequently, the district court correctly concluded that Mr. Williams's *habeas* petition is time-barred. Accordingly, we **DENY** his application for a COA and **DISMISS** his appeal.  *Slack*, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

Entered for the Court

Jerome A. Holmes
Circuit Judge